UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE FREAS et al.,<br><br>Defendants. | No. 2:20-cv-00352-TLN-CKD PS<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The court previously granted plaintiff's request to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. (ECF No. 4.) Plaintiff subsequently filed an amended complaint, which the court again dismissed with leave to amend. (ECF Nos. 5, 7.) Plaintiff has since filed a Second Amended Complaint and a Third Amended Complaint.[1] For the reasons set forth below, the undersigned recommends dismissing plaintiff's complaint without leave to amend.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] For purposes of these findings and recommendations, the court refers to the Third Amended Complaint as the operative complaint in this matter.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff's complaint does not permit the court to make a reasonable inference that defendants are liable for any misconduct. Plaintiff's complaint appears to allege the following: state court proceedings occurred without plaintiff present (ECF No. 10 at 3); unspecified ADA violations (id.); "unethical order of examinations" at court (id. at 4); "incredibl[y] tough guidelines" set by the state court judge (id.); "false gun accusations" (id.); and unlawful detainer, (id.) Plaintiff also alleges that he served six months in jail for misdemeanor charges. (Id. at 5.)

Stated simply, plaintiff has failed to state a claim against either defendant mentioned in his complaint. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege, with at least some degree of particularity, overt acts which defendants engaged in that support plaintiff's claim. Id. Because

plaintiff's complaint is so devoid of any specific, concrete allegation and fails to connect its factual assertions in any cogent manner, it fails to place either defendant on notice of what he is alleging. Therefore, the complaint must be dismissed.

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

As plaintiff has already filed four complaints in this matter and has failed to sufficiently state a claim for which relief can be granted, the undersigned finds that any additional leave to file an amended complaint would be futile. Therefore, the undersigned recommends this action be dismissed without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's complaint be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.352.F&R